## WILLIAM G. JONES ET. ALS., VS. THE STATE.

SUPREME COURT, TYLER TERM, 1883.

*Scire Facias.—Practice.* The sufficiency of an information to charge an offense cannot be assailed in a proceeding upon a forfeited bail-bond.

*Same—Bail-Bond.* It is sufficient to the validity of a bail-bond that it names an offense denounced by the code, and it need not contain the constituent elements of the offense named.

*Same. Scire facias* is sufficient if its sets out that the defendant was charged with slander.

*Same—Citation—Judgment Nisi.* "To show cause why said judgment shall not be made final," is the proper citation in a judgment *nisi.*

*Same.* It is an hypercritical objection, in an action upon a bail-bond, that the citation issued during the term of the court at which judgment *nisi* was rendered.

*Same. Judgment final* on a forfeited bail-bond cannot be rendered at a criminal term of the county court.

Appeal from Camp County.

*White* & *Plowman* for the appellants.

*J. H. Burts* Assistant Attorney General for the State.

Opinion by Hurt, J.

The judgment in this case at a former day of this term was affirmed without a written opinion. Appellants file their motion for a rehearing, which contains a matter not called to our attention in argument, or by their brief before.

But before treating of this matter, we will notice as presented in their brief for rehearing, the ground relied upon for rehearing and reversal of the judgment.

1. The information shows no offense against the law.

Answer. The information cannot be attacked in this collateral way, and if it does not affirmatively appear that it charges a different offense to that named in the bond, though defective, defendant in a suit on the bond cannot urge its defects.

2. Because the bond is variant from the information, and does not state the charge in the information.

Answer. The bond names an offense and the information attempts at least to charge the offense named in the bond. This will be sufficient.

3. Because the bond in setting forth the offense fails to show that defendant was charged with any offense.

The offense named in the bond is "slander." This is sufficient

without describing the elements of the offense. Slander is named in the Code, and occupies the same ground as theft, rape or murder, and hence its elements need not be inserted in the bond if the name of the offense is given. Nor will the bond be defective because only a part of the elements are inserted. This was unnecessary, as the name of the offense will suffice.

4. Because the scire facias is variant from the information and does not set forth the offense with which defendant was charged.

It sets forth that defendant is charged with slander.

5. Because the citation to the sureties does not follow the judgment *nisi*, and does not cite them to show cause why defendant did not appear; but to show cause why said judgment should no be made final.

This is just as it should be. C. C. P.

6. Because the citation issued during the term of the court at which judgment *nisi* was rendered.

There is nothing in this.

7. Because the final judgment was rendered at a criminal term of the county court, and that, therefore, the court had no power or jurisdiction to render the same.

This is the matter alluded to above, and upon this ground, in appearing by the record to be true, the judgment must be reversed and the cause remanded. Hart vs. State, 13 Tex. Ct App. 555.

We have found no other error in the record. The judgment is reversed and the cause remanded.